## McGoodwin's Assignee v. Finn.

(Decided November 14, 1911.)

### Appeal from Simpson Circuit Court.

Question of Fact—Credibility of Witnesses.—The chancellor's finding on a question of fact will not be disturbed on a mere question of the credibility of the witnesses.

G. W. WHITESIDES for appellant.

ROARK & FINER for appellee.

Opinion of the Court by Chief Justice Hobson—Affirming.

James L. McGoodwin died in Simpson County in the year 1883. Previous to his death he took out a policy of insurance on the life of his wife payable at her death to their six children. Ten annual premiums were to be paid upon the policy; these were duly paid. She died in the year 1910 and this suit was brought by Bird McGoodwin Finn, one of the six children, asserting that she was entitled to the share of the policy coming to her brother, J. A. McGoodwin; that he was her guardian and that he assigned his interest in the policy to her on January 7, 1902, to secure her in the money which he owed her. On February 23, 1905, J. A. McGoodwin made an assignment to J. J. Milliken for the benefit of his creditors. Milliken, as assignee, resisted the relief sought by Mrs. Finn, claiming that the interest of J. A. McGoodwin in the policy passed to him by the deed of assignment and that the assignment to Mrs. Finn was in fact made after the deed of assignment. Proof was taken and on a trial, judgment was entered in favor of Mrs. Finn. Milliken, as assignee, appeals.

The assignment to Mrs. Finn is produced; it bears date January 7, 1902, or more than three years before the assignment to Milliken was made. There is nothing on the face of the paper to subject it to suspicion and it therefore makes out for her a prima facie case. It is insisted that the proof when analyzed shows that the assignment to Mrs. Finn was not made on January 7, 1902, and was not delivered until after the deed of assignment to Milliken. We have read the proof with care and conclude that on this question of fact we cannot reverse the finding of the chancellor. There is evidence in the record from which this might be inferred, but the question after all turns on the credibility of the witnesses. Our rule is to give some weight to the chancellor's finding and we do not reverse his finding of fact on a mere question of the credibility of the witnesses. He is on the ground and can judge of the credibility of the witnesses much better than we can. The proof shows that McGoodwin, as guardian for his sister, owed her more than the amount coming to him on the policy. She had a preferred claim against him for this money in case of an assignment. His testimony is not as positive as to dates as it might be, but taking it all in all, we think it shows that the assignment

was made at the time it bears date; that his sister was notified of it shortly thereafter, and that the assignment was then attached to the policy.

Judgment affirmed.